UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERSON R. FRANCIS,

    Plaintiff,

v.                               Case No. 09-14735

HERITAGE GLEN TOWNHOUSE, et al.,

    Defendants.
                                          /

**OPINION AND ORDER (1) DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS; (2) DENYING PLAINTIFF'S "MOTION TO
SUPPORT MY REQUEST FOR INFORMA PAUPERIS"; AND (3) DIRECTING
PLAINTIFF TO PAY FILING FEE BY JANUARY 19, 2010**

Pending before the court are Plaintiff's application and motion to proceed in forma pauperis. Plaintiff's complaint appears to be identical in substance to the one he filed under case number 09-13455.

On November 10, 2009, in case number 09-13455, the court ordered Plaintiff to show cause why his case should not be dismissed based on an untrue allegation of poverty. The court reasoned:

> In Plaintiff's application, he indicated that he had no income and no assets other than $300, and that he provided $100 per week in support to his son, Kamari Miller. On October 1, 2009, in a companion case, the Honorable Judge Rosen denied Plaintiff's application to proceed in forma pauperis. (Case No. 09-13671, 10/1/2009 Order.) In that application to proceed in forma pauperis, filed fifteen days after the application filed in this case, Plaintiff alleged that he had no income, no assets, and an obligation to pay $400 per month to support Kamari Miller. In a well-reasoned and persuasive order, however, Judge Rosen doubted the veracity of Plaintiff's assertion of indigency. Judge Rosen noted that Plaintiff's complaint, in Case No. 09-13671, alleged that he was enrolled as a student; that he occupies an apartment; and that he had received student loans. The court questioned how Plaintiff "has been able to meet his basic subsistence needs over the past year (and the needs of an apparent dependent) without the benefit of any money from any source."

> The court therefore denied his application to proceed in forma pauperis. In light of Judge Rosen's reasoning and the information pleaded by Plaintiff in the companion case, this court now questions the veracity of Plaintiff's claim of indigency. Under 28 U.S.C. § 1915(e)(2)(A) "the court shall dismiss the case at anytime if the court determines that . . . the allegation of poverty is untrue." The court will therefore order Plaintiff to show cause as to why this case should not be dismissed because of an untrue allegation of poverty.

Plaintiff did not respond to the Order, and, on November 30, 2009, the court dismissed Plaintiff's complaint. In response to the dismissal of his case, Plaintiff filed various motions, and notices of appeal. (The court, in a separate Order, denied the motions because Plaintiff's notices of appeal divested the court of jurisdiction.) In his motions, Plaintiff indicates that he has spent all of the proceeds from his student loans, cannot work because of his visa status, and is staying with friends rather than paying rent for his own apartment. Plaintiff, however, offers no explanation as to how he has paid the support to his apparent dependent, Kamari Miller, and simply leaves this detail off of his applications to proceed in forma pauperis on appeal. Moreover, in a response brief, Plaintiff indicated that he purchased three cars, valued at "about $30,000 each," paid for them "all within 1 month periods to ship to [his] country." (No. 09-13455, Pl.'s Resp. to Summ. J. Mot. 2.) Plaintiff has not explained whether he still holds title to these assets, and omitted them from his applications to proceed in forma pauperis. Given the recurrent irregularities surrounding Plaintiff's claim of poverty and his apparent attempt to obfuscate his financial status, the court will deny Plaintiff's application and motion. Accordingly,

    IT IS ORDERED that Plaintiff's first "Application to Proceed In Forma Pauperis" [Dkt. # 2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Support my Request for Informa Pauperis" [Dkt. # 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is directed to pay the filing fee by Monday, **January 19, 2010**.  Failure to pay the filing fee by this deadline will result in dismissal of the complaint.

                s/Robert H. Cleland  
                ROBERT H. CLELAND  
                UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2010, by electronic and/or ordinary mail.

                s/Lisa G. Wagner  
                Case Manager and Deputy Clerk  
                (313) 234-5522